TRANS WORLD AIRLINES, INC., APPELLEE, *v.* PORTERFIELD, TAX COMMR., APPELLANT.

[Cite as Trans World Airlines v. Porterfield (1970), 22 Ohio St. 2d 177.]

(No. 69-656—Decided May 13, 1970.)

*CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.

*Messrs. Wright, Harlor, Morris, Arnold & Glander, Mr. C. Emory Glander* and *Mr. Robert E. Fultz,* for appellee.

*Mr. Paul W. Brown,* attorney general, *Mr. Jon A. Ziegler* and *Mr. George M. Hauswirth,* for appellant.

*Per Curiam.* Appellant Tax Commissioner urges as his first proposition of law that the Board of Tax Appeals erred in finding and determining that appellee's purchases of jet fuel were used directly in the rendition of a public utility service and therefore were not subject to sales taxation by virtue of the provision of R. C. 5739.01(E)(2).

Appellant contends that a consumer which is not defined by Ohio statutory law as a ''public utility,'' and which is neither taxed nor regulated as a ''public utility'' by the state of Ohio, is not entitled to have its purchases excepted from the Ohio sales tax on the ground that the purchased items are used directly in the rendition of a public utility service.

We are unable to agree with that contention. The pertinent parts of R. C. 5739.01 provide:

''As used in Sections 5739.01 to 5739.31, inclusive, of the Revised Code:

''* * *

''(B) 'Sale' and 'selling' include all transactions by which title or possession, or both, of tangible personal property, is or is to be transferred * * * for a consideration in any manner * * *.

''* * *

''(E) 'Retail sale' and 'sales at retail' include all sales *except* those in which the purpose of the consumer is:

''* * *

''(2) * * * to use or consume the thing transferred * * * directly in the rendition of a public utility service * * *.

*" * * *

"(Q) *Used directly in the rendition of a public utility service' means* that property which is to be incorporated into and will become a part of the consumer's production, transmission, transportation, or distribution system and which retains its classification as tangible personal property after such incorporation; *fuel or power used in the* production, transmission, *transportation,* or distribution; and tangible personal property used in the repair and maintenance of the production, transmission, transportation or distribution system, including only such motor vehicles as are specially designed and equipped for such use." (Emphasis added.)

The stipulation also agrees that the Tax Commissioner's Rule TX-13-01 sets out that "public utility service" includes the furnishing of airplane services to, from, through or within this state and that the rates for such services must be subject to regulation by the Public Utilities Commission of Ohio or a corresponding agency of the United States Government.

We are of the opinion that, as the above-stated rule of the Tax Commissioner recognizes, Trans World Airlines is a public utility and that public utility as used in the Sales Tax Act, quoted *supra,* does not have a doubtful meaning but is clear and unambiguous. We hold that, since Trans World Airlines is such a public utility, and inasmuch as fuel used in transportation by this public utility is excepted from the sales tax, its purchases of jet fuel are not subject to sales tax in this state.

Accordingly, we conclude and hold that the decision of the Board of Tax Appeals is neither unreasonable nor unlawful and is, therefore, affirmed.

*Decision affirmed.*

O'NEILL, C. J., LEACH, SCHNEIDER, HERBERT, DUNCAN and CORRIGAN, JJ., concur.*

LEACH, J, of the Tenth Appellate District, sitting for MATTHIAS, J.

---

*CHIEF JUSTICE TAFT participated in this case which was, however, decided after his death.