Ohio Edison Co., Appellee, *v.* Porterfield, Tax Commr., Appellant.

[Cite as Ohio Edison Co. v. Porterfield, (1971), 28 Ohio St. 2d 150.]

(No. 71-17—Decided December 22, 1971.)

*Mr. Russell J. Spetrino*, for appellee.

*Mr. William J. Brown*, attorney general, and *Mr. David S. Bloomfield*, for appellant.

*Per Curiam.* The Board of Tax Appeals, in modifying the order of the Tax Commissioner and finding that the above items were excepted from the Ohio sales and use taxes, used the following language in its decision:

"From the testimony and evidence in the record now before us it is clear that appellant could not operate its electric and steam plants without using the items here in issue. We therefore find that the items in dispute were essential in keeping the actual service in operation and therefore the purchased items here in dispute are excepted from sales and use taxation."

The appellant argues that the issue now before this court is: "Whether the items in question were purchased by appellee to be used directly in the rendition of a public utility service for purposes of Section 5739.01(E) (2), Revised Code."

The pertinent part of R. C. 5739.01 is as follows:

"(E) 'Retail Sale' and 'sales at retail' include all sales except those in which the purpose of the consumer is:

"* * *

"(2) * * * to use or consume the thing transferred * * * directly in the rendition of a public utility service * * *."

The appellee takes the position, however, that the issue before this court is whether the decision of the Board of Tax Appeals is reasonable and lawful. We believe appellee's position to be a correct one, as stated in this court's opinion in *Jewel Companies* v. *Porterfield* (1970), 21 Ohio St. 2d 97, at page 99:

"Our review of this type of case is limited to a determination as to whether the decision of the Board of Tax Appeals is unreasonable or unlawful. *Hoffman-LaRoche,*

*Inc.*, v. *Porterfield* (1968), 16 Ohio St. 2d 158; Section 5717.-04, Revised Code.''

In *Jewel*, at page 99, it is stated:

''It does not matter whether we might have weighed the evidence differently from the Board of Tax Appeals if we had been making the original determination. As long as there is evidence which reasonably supports the conclusion reached by the board, its decision must stand.''

The law which the Board of Tax Appeals correctly applied was that which is to be found in *Athens Home Telephone Co.* v. *Peck* (1953), 158 Ohio St. 557; *Erie Rd. Co.* v. *Peck* (1953), 160 Ohio St. 322; and *Warren Telephone Co.* v. *Bowers* (1962), 173 Ohio St. 164.

Such cases, in construing the meaning of the public utility ''direct use'' exception, applied similar tests, with the following descriptive language:

''* * * A substantial part of the rendition of the *service* is keeping the entire system in *continuous* operation. This requires the *immediate and direct use* of the concededly *indispensable* automotive facilities here involved,'' *Athens Home Telephone Co.* v. *Peck, supra.* (Emphasis supplied, except as to word ''service.'')

''* * * This court does not regard these provisions [requirements for depots and waiting buildings for the public use] as conclusive of the question here presented, but it does consider these expressions of the General Assembly and the Public Utilities Commission as of some evidentiary value in determining whether a passenger station is *necessary and used directly* in the rendition of public utility service by a railroad under present day conditions,'' *Erie Rd. Co.* v. *Peck, supra.* (Emphasis supplied.)

''The question which must be determined in each case is whether the property is *used directly in and as an indispensable part of keeping the actual public utility service in operation.*'' And the materials must be ''*a part of the rendering of the actual service,*'' *Warren Telephone Co.* v. *Bowers, supra.* (Emphasis supplied.)

The basic theme of the consideration in such cases is whether the purchased items were essential or indispensable in keeping the utility in continuous operation for the provision of service to the public.

In the instant case, the Board of Tax Appeals found from the evidence before it that Ohio Edison could not operate its electric and steam plants and provide the service to the public without using the items here in issue.

Upon review, we find that such decision of the Board of Tax Appeals is neither unreasonable nor unlawful, and it is therefore affirmed.

*Decision affirmed.*

O'NEILL, C. J., SCHNEIDER, HERBERT, HOLMES, CORRIGAN, STERN and LEACH, JJ., concur.

HOLMES, J., of the Tenth Appellate District, sitting for DUNCAN, J. JUDGE HOLMES of the Court of Appeals was, pursuant to Section 2 of Article IV of the Constitution of Ohio, duly directed by the Chief Justice "to sit with the justices of the Supreme Court in the place and stead of" JUSTICE DUNCAN and JUDGE HOLMES did so and heard and considered this cause prior to the resignation of JUSTICE DUNCAN on November 28, 1971.