JUREK *v.* MCFAUL, SHERIFF.

[Cite as Jurek *v.* McFaul (1988), 39 Ohio St. 3d 42.]

(No. 88-919—Submitted June 13, 1988—Decided October 5, 1988.)

*James R. Willis* and *Philip J. Korey,* for petitioner.

*John T. Corrigan,* prosecuting attorney, and *Christa D. Brunst,* for respondent.

*Per Curiam.* First, we decline to grant the motion to dismiss and, *sua sponte,* join as respondents the Ohio Department of Rehabilitation and Correction and such of its officers as would be necessary to grant the relief petitioner seeks should he prevail, and proceed to the merits of the case. See *Barton* v. *Shupe* (1988), 37 Ohio St. 3d 308, 525 N.E. 2d 812.

Petitioner alleges that the trial court and court of appeals denied bail unlawfully. We disagree.

App. R. 8(B) requires a defendant to first apply for postconviction bail in the trial court, and if denied there, permits application to the court of appeals. App. R. 8(A) provides that these courts' discretionary right to admit a criminal defendant to bail is as prescribed by law. Crim. R. 46(E)(1) states:

"*Felony cases.* Except when a person has been sentenced to death, a person who has been convicted and is either awaiting sentence or has filed a notice of appeal shall be treated in accordance with the * * * [conditions for pretrial release] unless the judge has reason to believe that no one or more conditions of release will reasonably assure that the person will not flee or pose a danger to any other person or the community. If such a risk of flight or danger is believed to exist, the person may be ordered detained."

The record does not disclose why the trial court and court of appeals denied bail, but petitioner alleges that the trial court denied bail because the petitioner's financial condition posed a risk of flight. Petitioner makes no representation as to why the court of appeals denied him bail.

In *Coleman* v. *McGettrick* (1965), 22 Ohio St. 2d 177, 31 O.O. 2d 326, 207 N.E. 2d 552, we held that postconviction bail is not a right and that the decision of a court denying bail should be disturbed only if there is a "patent abuse of discretion." Accepting petitioner's representations about the trial court's reasoning, we find no patent abuse of discretion. Petitioner admits that he owes $247,000 in child support

arrearages to his ex-wife, owes about $70,000 to the Internal Revenue Service, and has no assets. He states, however, that some $60,000 in earned but uncollected legal fees is being assigned to the IRS and the child support arrearages are subject to reduction because he made payments in cash to his ex-wife during the eight years during which the arrearages accrued. Although a court might give credit to this testimony, apparently the trial court did not. To fail to do so is not a patent abuse of discretion.

Petitioner next states that denial of bail for such reasons violates Section 15, Article I, Ohio Constitution, which prohibits imprisonment for debt in a civil action. This argument is without merit. Petitioner is imprisoned for conviction of criminal acts. Section 15, Article I has no application here.

Petitioner cites *Liberatore* v. *McKeen* as an example of a similar case in which this court granted the writ. *Liberatore* is similar to this case only insofar as both petitioners submitted evidence of longevity and stability in their community. However, in *Liberatore,* this court reviewed the evidence available to the trial court and court of appeals and found no substantial or credible evidence to deny bail. Here, by petitioner's own admission, there was credible evidence before the trial court. Accordingly, we deny the writ.

*Writ denied.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

LOCHER, J., concurs in judgment only.