[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Oliver v. Turner,* Slip Opinion No. 2018-Ohio-2102.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2018-OHIO-2102

THE STATE EX REL. OLIVER *v*. TURNER, WARDEN; EPPINGER, WARDEN.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Oliver v. Turner,* Slip Opinion No. 2018-Ohio-2102.]

*R.C. 2929.41—Because sentencing entry for offense committed while petitioner was on parole did not specify that sentence was to be served consecutively to sentence for prior offense, sentence for later offense was to be served concurrently with sentence for prior offense—Petition not barred by res judicata—Writ of habeas corpus granted—Warden ordered to release petitioner.*

(No. 2018-0132—Submitted May 22, 2018—Decided June 1, 2018.)

IN HABEAS CORPUS.

_____

**Per Curiam.**

{¶ 1} Tyrone Oliver filed a petition seeking a writ of habeas corpus against Neil Turner, Warden of the North Central Correctional Complex, at which Oliver

was an inmate. After filing this petition, Oliver was transferred to the Grafton Reintegration Center and the custody of Warden LaShann Eppinger. We sua sponte join Eppinger as a respondent in this case. *See Jurek v. McFaul*, 39 Ohio St.3d 42, 528 N.E.2d 1260 (1988). Because Oliver has completed his maximum sentence, we hereby issue a writ of habeas corpus to Warden Eppinger commanding Oliver's immediate release from incarceration.

## BACKGROUND

{¶ 2} At a hearing on May 27, 1993, Oliver was sentenced to an indeterminate prison sentence of 8 to 25 years for involuntary manslaughter. *State v. Oliver*, Lucas C.P. No. CR93-5932A (June 3, 1993). After accounting for jail-time credit, the Bureau of Sentence Computation ("BSC") calculated his maximum-sentence release date as January 9, 2018.

{¶ 3} Oliver received parole release in July 2003. In February 2005, he pleaded guilty to a charge of domestic violence and was sentenced to a prison term of two years. *State v. Oliver*, Fulton C.P. No. 04CR45 (Feb. 22, 2005).

{¶ 4} On January 26, 2018, Oliver filed the present petition for a writ of habeas corpus. Oliver alleges that his 2005 sentence for domestic violence was to be served concurrently with, not consecutively to, his 1993 sentence for involuntary manslaughter, and he is therefore entitled to immediate release.

{¶ 5} Because the petition states a facially valid claim, we ordered Turner to file a return of the writ, 152 Ohio St.3d 1403, 2018-Ohio-723, 92 N.E.3d 876. Turner complied on March 15, 2018, and Oliver filed a response on March 23.

## LEGAL ANALYSIS

{¶ 6} Prior to 1996, R.C. 2929.41 provided:

> (B) A sentence of imprisonment shall be served consecutively to any other sentence of imprisonment, in the following cases:

* * *

(3) When it is imposed for a new felony committed by a probationer, parolee, or escapee.

Am.Sub.H.B. No. 571, 145 Ohio Laws, Part IV, 6342, 6396. Thus, under former R.C. 2929.41, it was mandatory that a sentence for a new felony committed while an offender was on parole run consecutively to the sentence for any other offense.

{¶ 7} However, the law changed with the 1995 passage of Am.Sub.S.B. No. 2, which deleted R.C. 2929.41(B)(3) effective July 1, 1996. 146 Ohio Laws, Part IV, 7136, 7502. Under the new law, all sentences of imprisonment "shall be served concurrently." R.C. 2929.41(A). A sentencing judge may still impose consecutive sentences if he or she makes certain findings, including a finding that consecutive sentences are necessary to protect the public or to punish the offender. R.C. 2929.14(C)(4); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. The fact that a defendant was on probation or parole for a prior offense is now simply one factor that a court may cite as grounds for imposing consecutive sentences, R.C. 2929.14(C)(4)(a), not a circumstance that *requires* consecutive sentences.

{¶ 8} Oliver's 2005 sentencing entry states:

It is hereby ORDERED that defendant serve a term of two (2) years at the Ohio Department of Rehabilitation and Correction, Orient, Ohio, for the offense of Domestic Violence, a violation of R.C. 2919.25(A) and (D)(4), a felony of the third degree.

(Capitalization sic.) *State v. Oliver*, Fulton C.P. No. 04CR45, at 2. The sentencing entry does not explicitly order the new sentence to run consecutively to the 1993

involuntary-manslaughter conviction. Therefore, under the law in effect in 2005, the sentences are presumptively concurrent.

{¶ 9} In opposing this conclusion, Warden Turner points to an earlier portion of Oliver's 2005 sentencing entry, in which the trial judge described his plea colloquy with Oliver.

> The Court further advised the defendant and the defendant said he understood that the Court could sentence him immediately and that if the offense to which he offered to plead was committed while he was on probation or parole, that the sentence for this offense must be consecutive with any possible sentence for violation of his probation or parole.

*Id*. Turner cites this statement as evidence that the trial judge imposed consecutive sentences.

> Contrary to Oliver's understanding, the sentencing entry establishes that these sentences were to be served consecutively. This is so because the Fulton County conviction for domestic violence was committed while Oliver was on parole from his 1993 Lucas County conviction.

{¶ 10} But the sentencing entry does not indicate that the judge *wanted* to impose consecutive sentences or that he had concluded that consecutive sentences were warranted. Rather, the phrase "consecutive with any possible sentence for violation of his probation or parole" appears in the judge's explanation in the sentencing entry that he had advised Oliver that consecutive sentences were mandatory *because* Oliver's offense had been committed while he was on parole, a

4

statement that was not legally correct. Because the sentencing entry does not purport to impose a consecutive sentence, the sentence ran concurrently with Oliver's earlier sentence by operation of R.C. 2929.41(A). Therefore, Oliver should have been released, at the latest, in January 2018.

{¶ 11} Alternatively, Turner contends that irrespective of whether Oliver's claim has merit, it is barred by res judicata. In support thereof, Turner presents two legal arguments.

{¶ 12} First, he suggests that a writ of habeas cannot issue, because Oliver had an adequate remedy to challenge his sentences by way of direct appeal. Turner correctly notes that " '[w]e have consistently held that sentencing errors are not jurisdictional and are not cognizable in habeas corpus.' " *State ex rel. Shackleford v. Moore*, 116 Ohio St.3d 310, 2007-Ohio-6462, 878 N.E.2d 1035, ¶ 5, quoting *Majoros v. Collins*, 64 Ohio St.3d 442, 443, 596 N.E.2d 1038 (1992). But Oliver is not challenging an error in the 2005 sentencing entry; his claim is that the BSC misunderstood the legal effect of the sentencing entry when it added two years to his maximum-sentence release date, a claim he could not have asserted in his direct appeal, because it had not yet arisen.

{¶ 13} Alternatively, Turner argues that res judicata applies because Oliver unsuccessfully asserted the same claim in prior proceedings. On August 23, 2016, Oliver filed a complaint in Franklin County Common Pleas Court against the Ohio Department of Rehabilitation and Corrections and the BSC, seeking a declaratory judgment that his 2005 domestic-violence sentence was to be served concurrently to his earlier sentence. *State ex rel. Oliver v. Mohr*, Franklin Cty. C.P. No. 16CV007923.[1] Six days later, he filed a second copy of the same complaint, which

---

[1] The complaint that Oliver filed in the Franklin County Court of Common Pleas on August 23, 2016, is available at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/imageLink Processor.pdf?coords=bOh8SnaZZ5yAbboUKSMKNA7JXsq9%2FCOtxvk1ocW%2B0Y1Al2c6E gQfCAdt0IlcsMQAkvCKQ03fufyXi%2F%2BDmC%2FALayK4I9CrlnI%2FHZMFXIlkBoIs6cc0

the Franklin County clerk assigned a separate case number. *State ex rel. Oliver v. Mohr*, Franklin Cty. C.P. No. 16CV008161.[2]

{¶ 14} The two cases were consolidated, and on December 12, 2016, the trial judge denied the defendants' motion for judgment on the pleadings but then sua sponte dismissed the complaints as res judicata on the basis that the issue should have been raised on direct appeal. Oliver appealed. But on September 5, 2017, the court of appeals dismissed the appeal due to Oliver's failure to file a merit brief. *State ex rel. Oliver v. Mohr*, 10th Dist. Franklin No. 17AP-515 (Sept. 5, 2017).

{¶ 15} The doctrine of res judicata provides that a final judgment rendered on the merits by a court of competent jurisdiction is a complete bar to any subsequent action on the same claim between the same parties or those in privity with them. *State ex rel. Jackson v. Ambrose*, 151 Ohio St.3d 536, 2017-Ohio-8784, 90 N.E.3d 922, ¶ 13. We hold that the judgments in Oliver's prior declaratory-judgment actions do not operate as res judicata because they were not issued by a court of competent jurisdiction.

{¶ 16} R.C. 2721.03 provides that

> any person interested under a * * * writing constituting a contract or
> any person whose rights, status, or other legal relations are affected
> by a constitutional provision, statute, rule * * *, municipal
> ordinance, township resolution, contract, or franchise may have
> determined any question of construction or validity arising under the
> instrument, constitutional provision, statute, rule, ordinance,

---

%2F%2FwdFTb%2Fg652NDXPeGKppHiQdptKRro7Rsz%2Fh44TLyFUDZg1vKI1AS8tOs%3D
.

[2] The complaint that Oliver filed in the Franklin County Court of Common Pleas on August 29, 2016, is available at https://fcdcfcjs.co.franklin.oh.us/CaseInformationOnline/imageLink Processor.pdf?coords=rzyioti1XS7I%2BkpGANQW2QZwdshfx3HkQUNN0KqEN1oICGCwX7 GtXRMy9tm1yr6YQ2tiRxQZ9ff0fmw1mL%2BTujpFhjMgAri%2BMjkdiC2bn3BtOUIHDsmZ1 Vnz5KtSSgqDhCg2Yi7FpwjqP07IrVJenlhKmRbTFOQ5Fumar3IxW2A%3D.

> resolution, contract, or franchise and obtain a declaration of rights, status, or other legal relations under it.

Oliver's complaints in the common pleas court did not fall within the scope of the Declaratory Judgment Act, R.C. 2721.01 et seq. He was not seeking a declaration of his rights under the sentencing statute, because those rights were clear: his sentence was to run concurrently to his prior sentence absent imposition by the court of a consecutive sentence along with the requisite findings. What he was seeking was a declaration of the meaning of the court's sentencing entry, but the statute does not provide for a declaration of rights under a sentencing entry. We therefore hold that res judicata does not bar this petition.

{¶ 17} We hold that Oliver has served his maximum sentence and is entitled to immediate release.

Writ granted.

O'CONNOR, C.J., and FRENCH, DEWINE, and DEGENARO, JJ., concur.

O'DONNELL, J., concurs in judgment only.

KENNEDY, J., concurs in judgment only, with an opinion joined by FISCHER, J.

_____

**KENNEDY, J., concurring in judgment only.**

{¶ 18} Because the facts of this case demonstrate that petitioner, Tyrone Oliver, has served his sentences in full, I agree with the majority that he is entitled to a writ of habeas corpus ordering his immediate release from prison. We have explained:

> Res judicata is a rule of fundamental and substantial justice, see *State v. Szefcyk* (1996), 77 Ohio St.3d 93, 95, 671 N.E.2d 233, citing *Federated Dept. Stores, Inc. v. Moitie* (1981), 452 U.S. 394,

401, 101 S.Ct. 2424, 69 L.Ed.2d 103, that " 'is to be applied in particular situations as fairness and justice require, and that * * * is not to be applied so rigidly as to defeat the ends of justice or so as to work an injustice.' "

(Ellipsis sic.)  *State v. Simpkins*, 117 Ohio St.3d 420, 2008-Ohio-1197, 884 N.E.2d 568, ¶ 25 (superseded on other grounds by statute as stated in *State v. Singleton,* 124 Ohio St.3d 173, 2009-Ohio-6434, 920 N.E.2d 958), quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 386-387, 653 N.E.2d 226 (1995) (Douglas, J., dissenting), quoting 46 American Jurisprudence 2d, Judgments, Section 522, 786-787 (1994).

**{¶ 19}** The sentencing entry does not impose a consecutive sentence, and that sentence ran concurrently with Oliver's previously imposed sentence pursuant to R.C. 2929.41(A).  He has now served those sentences and is entitled to immediate release.  Because it would be an injustice to permit Oliver to remain incarcerated when he has fully served his sentence, res judicata does not bar relief.

**{¶ 20}** For this reason, it is unnecessary to decide whether the Franklin County Court of Common Pleas lacked jurisdiction to hear Oliver's declaratory-judgment action.  That issue has not been raised or briefed by the parties, and as we observed in *Sizemore v. Smith,* "justice is far better served when it has the benefit of briefing, arguing, and lower court consideration before making a final determination."  6 Ohio St.3d 330, 333, 453 N.E.2d 632 (1983), fn. 2.  Moreover, it is not clear to me that the common pleas court lacked jurisdiction; actions for a declaratory judgment are within the subject-matter jurisdiction of a court of common pleas pursuant to the Declaratory Judgment Act, R.C. 2721.01 et seq., and "[a] court's subject-matter jurisdiction is determined without regard to the rights of the individual parties involved in a particular case." *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, 21 N.E.3d 1040, ¶ 19.  Further, as the majority's analysis in this case reveals, review and application of R.C. 2929.41(A)

is required to determine whether the sentencing entry in fact imposed consecutive or concurrent sentences.  This is true regardless of how well Oliver pleaded his cause of action.

{¶ 21} Accordingly, I concur in judgment only.

FISCHER, J., concurs in the foregoing opinion.

_____

Tyrone Oliver, pro se.

Michael DeWine, Attorney General, and Stephanie Watson, Principal Assistant Attorney General, for respondent Turner.

_____