SADLER, J., dissenting.
{¶ 21} The majority opinion, in essence, holds that this court is required to remand, for the issuance of a nunc pro tunc entry, any sentencing entry issued prior to the Supreme Court of Ohio's 2017 decision in State v. Grimes , 151 Ohio St.3d 19, 2017-Ohio-2927, 85 N.E.3d 700, that does not comply with Grimes requirements. Because I believe Grimes does not apply retroactively to require a nunc pro tunc entry in this case, I dissent.
{¶ 22} The majority opinion at paragraph 15 justifies retroactively applying Grimes by citing to State v. Fischer , 128 Ohio St.3d 92, 2010-Ohio-6238, 942 N.E.2d 332, and its invocation of the voidness doctrine to remedy improperly imposed post-release control. While I recognize the "voidness" doctrine exists as precedent in this area of law,[5] I nonetheless do not believe the voidness doctrine means that Grimes must be applied retroactively here.
{¶ 23} First, Grimes itself is silent on its retroactive application, and the majority opinion in Grimes expressly refused to address the issue of whether such entries are void or merely voidable. Second, the majority opinion's reasoning-that Grimes applies retroactively because the sentencing entry is improper (and partially void) under Grimes -seems circular. To me, a *849 judgment entry that is void under the law at the time it was imposed, and therefore correctable at any time, is different conceptually from a judgment entry that was properly imposed under the law at the time but at odds with a later judicial opinion. In the later scenario, I believe the general retroactivity rule for new judicial opinions stated in Ali v. State , 104 Ohio St.3d 328, 2004-Ohio-6592, 819 N.E.2d 687, should be applied, even within this unique strain of post-release control law. As recognized by the majority opinion, at least one other appellate district has concluded the same. See , e.g. , State v. Madrid , 6th Dist. No. L-17-1299, 2018-Ohio-1873, 2018 WL 2175496, ¶¶ 12-17 (concluding, under Ali , the appellant's conviction was final and not subject to retroactive application of Grimes ). To do otherwise invites a perpetual wave of collateral challenges to otherwise final judgment entries each time a nuance is added to post-release control jurisprudence.
{¶ 24} In this case, Harper was provided statutorily compliant notification regarding post-release control at his hearing. At the time the trial court entered its sentencing entry in February 2013, it was required to "incorporate into the sentencing entry the postrelease-control notice to reflect the notification that was given at the sentencing hearing." State v. Qualls , 131 Ohio St.3d 499, 2012-Ohio-1111, 967 N.E.2d 718, ¶ 19, citing State v. Jordan , 104 Ohio St.3d 21, 2004-Ohio-6085, 817 N.E.2d 864, paragraph one of the syllabus. However, until Grimes , the Supreme Court had "not decided whether-and if so, how-notice of the consequences of violating a condition of postrelease control must also be incorporated into the sentencing entry." Id. at ¶ 11.
{¶ 25} As Harper exhausted all his appellate remedies, pursuant to Ali , I would not apply Grimes retroactively and would not find the sentencing entry here insufficient for failing to set forth consequences for violating post-release control under law at the time it was issued. Therefore, I would overrule Harper's assignment of error.[6] Because the majority opinion holds otherwise, I respectfully dissent.

In line with the concurring opinions of JJ. DeWine and French in Grimes , I believe that traditional principles of res judicata should apply to post-release control sentencing errors. See generally Grimes at ¶¶ 27-63 (DeWine and French, JJ., concurring in judgment only). I further agree with the concerns expressed by the concurring opinions of JJ. Kennedy and DeWine in Grimes regarding the growing disconnect between postrelease control judicial decisions and the plain language of the statutory scheme. By retroactively applying new judicial opinions on post-release control as a matter of course, as the majority opinion does here, we compound this problem and risk enabling a judicial system whereby new case law continuously applies to revive otherwise final judgments.

The state cites as supplemental authority State ex rel. Oliver v. Turner , 153 Ohio St.3d 605, 2018-Ohio-2102, 109 N.E.3d 1204. In Oliver , the Supreme Court determined in part that a writ of habeas could issue where a petitioner-inmate claims the Bureau of Sentence Computation misunderstood the legal effect of a sentencing entry when it added two years to his maximum release date, as opposed to claiming an error in the sentencing entry amenable to remedy by direct appeal. Because I do not find Oliver determinative to resolving the assignment of error in this case, I decline to address it here.