[Cite as *Humphrey v. Eppinger*, 2020-Ohio-6915.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| LAVELLE HUMPHREY, | : | **PER CURIAM OPINION** |
| | : | |
| Petitioner, | : | |
| | : | **CASE NO. 2020-T-0019** |
| - vs - | : | |
| | : | |
| WARDEN LASHANN EPPINGER, | : | |
| | : | |
| Respondent. | | |

Original Action for Writ of Habeas Corpus.

Judgment: Petition dismissed.

*Lavelle Humphrey*, pro se, #A624-409, Trumbull Correctional Institution, 5701 Burnett Road, P.O. Box 901, Leavittsburg, Ohio 44430 (Petitioner).

*Dave Yost,* Ohio Attorney General, State Office Tower, 30 East Broad Street, 16th Floor, Columbus, Ohio 43215, and *Daniel Jacob Benoit,* Assistant Attorney General, 150 East Gay Street, 16th Floor, Columbus, Ohio 43215 (For Respondent).

PER CURIAM.

{¶1}  Petitioner, Lavelle Humphrey ("Mr. Humphrey"), petitions pro se this court to issue a writ of habeas corpus to respondent, Lashann Eppinger, Warden of Trumbull Correctional Institution ("Mr. Eppinger").  Mr. Humphrey contends that his 1984 conviction in the Cuyahoga County Court of Common Pleas is void for the reason that the trial court lacked subject matter jurisdiction to try and convict him.  He asserts that:  the state never

brought a complaint for delinquency for the commission of any offense in juvenile court, and the state failed to provide him with a proper bindover hearing.

{¶2}   Mr. Eppinger, in turn, filed a motion for summary judgment, arguing that a proper complaint was filed in juvenile court, and further, that Mr. Humphrey was subjected to bindover proceedings.  Thus, Mr. Eppinger asserts he is entitled to judgment as a matter of law and Mr. Humphrey's petition should be dismissed.  Mr. Eppinger further contends that Mr. Humphrey's claims of error in his bindover proceedings are not entitled to habeas corpus relief since he had an alternative remedy at law via the direct appeal of his conviction and sentence and because his maximum sentence is not expired.  A certified copy of the Cuyahoga County Juvenile Court record for Mr. Humphrey's 1984 conviction was attached to Mr. Eppinger's motion for summary judgment.

{¶3}   A review of Mr. Humphrey's case history reveals Mr. Eppinger's assertions are correct.  The records of the Cuyahoga County Common Pleas Court, Juvenile Division, case at issue reflect a properly filed complaint, which was read to Mr. Humphrey in open court and further reveal that Mr. Humphrey was subjected to proper bindover procedures before he was bound over to the Cuyahoga County Common Pleas Court, General Division.  Thus, finding Mr. Eppinger's motion for summary judgment well-taken and that he is entitled to judgment as a matter of law, we grant the motion and dismiss Mr. Humphrey's petition.

**History**

{¶4}   In 1984, in Cuyahoga County Common Pleas case no. CR-84-190524-ZA, Mr. Humphrey pleaded guilty to counts of aggravated burglary and aggravated robbery. He was sentenced to concurrent prison terms of four to 25 years as to aggravated

2

burglary and five years as to aggravated robbery. Mr. Humphrey did not appeal his convictions. It is this first case that is the subject of the instant petition.

{¶5} In a second Cuyahoga County Court of Common Pleas case, case no. 88-229774-ZA, Mr. Humphrey also pleaded guilty to kidnapping with specifications, aggravated robbery with specifications, and grand theft motor vehicles with a specification. He was sentenced to serve concurrent prison terms of 10 to 25 years on the counts of kidnapping and aggravated robbery, concurrent to an 18-month prison term on the count of grand theft.

### Law and Analysis

{¶6} A writ of habeas corpus is a civil action under Ohio law. *Fuqua v. Williams,* 100 Ohio St.3d 211, 2003-Ohio-5533, ¶7. Therefore, "[t]he Civil Rules may apply to habeas cases where not 'clearly inapplicable' by their nature." *Gaskins v. Shiplevy,* 74 Ohio St.3d 149, 150 (1995) ("*Gaskins I*"), quoting *Pegan v. Crawmer,* 73 Ohio St.3d 607, 608 (1995).

{¶7} On summary judgment, we are required to determine whether any genuine issues of material fact exist and whether [Respondent] is entitled to judgment as a matter of law. *Henry v. Kohl's Dept. Stores, Inc.,* 11th Dist. Lake No. 2018-L-113, 2019-Ohio-2094, ¶16.

{¶8} "Since summary judgment denies the party his or her 'day in court' it is not to be viewed lightly as docket control or as a 'little trial'. The jurisprudence of summary judgment standards has placed burdens on both the moving and the nonmoving party. In *Dresher v. Burt* [75 Ohio St.3d 280 (1996)], the Supreme Court of Ohio held that the moving party seeking summary judgment bears the initial burden of informing the trial

court of the basis for the motion and identifying those portions of the record before the trial court that demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim. The evidence must be in the record or the motion cannot succeed. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case but must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) that affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims." *Id.* at ¶17, quoting *Welch v. Ziccarelli*, 11th Dist. Lake No. 2006-L-229, 2007-Ohio-4374, ¶40.

{¶9} "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. If the moving party has satisfied its initial burden, the nonmoving party has a reciprocal burden outlined in the last sentence of Civ.R. 56(E) to set forth specific facts showing there is a genuine issue for trial. If the nonmoving party fails to do so, summary judgment, if appropriate shall be entered against the nonmoving party based on the principles that have been firmly established in Ohio for quite some time in *Mitseff v. Wheeler* (1988), 38 Ohio St.3d 112[.]" *Id.* at ¶18, quoting *Welch* at ¶40.

{¶10} A writ of habeas corpus is necessary in certain exceptional circumstances where there is an unlawful restraint of an individual's liberty. *Johnson v. Timmerman–Cooper,* 93 Ohio St.3d 614, 616 (2001). Habeas corpus relief, like other extraordinary writ actions, is generally not available to a petitioner where there is or was an adequate remedy at law. *State ex rel. Fryerson v. Tate,* 84 Ohio St.3d 481, 485 (1999) ("*Fryerson II*"), citing *Gaskins v. Shiplevy,* 76 Ohio St.3d 380, 383 (1996) ("*Gaskins II* "). The Supreme Court has, however, "carved out a limited exception to this general rule, to apply

4

when the habeas petitioner is challenging the jurisdiction of the court that sentenced him." *Id.* "Accordingly, if a prisoner fails to present a jurisdictional error committed by the trial court in the underlying action, his habeas corpus claim will be subject to dismissal for failure to raise a viable claim for relief." *Snitzky v. Wilson*, 11th Dist. Trumbull No. 2003-T-0095, 2004-Ohio-7229, ¶12, citing *Novak v. Gansheimer,* 11th Dist. Ashtabula No. 2003-A-0023, 2003-Ohio-5428, ¶5, citing R.C. 2725.05.

{¶11} When alleging a trial court lacked subject matter jurisdiction, the habeas corpus petitioner must establish the lack of jurisdiction was "patent and unambiguous." *Ross v. Saros,* 99 Ohio St.3d 412, 2003-Ohio-4128, ¶14, citing *Agee v. Russell,* 92 Ohio St.3d 540, 544 (2001).

{¶12} This court has previously explained the concept of a "patent and unambiguous" lack of jurisdiction:

{¶13} "[I]f there [is] no set of facts under which a trial court * * * could have jurisdiction over a particular case, the alleged jurisdictional defect will always be considered patent and unambiguous. On the other hand, if the court * * * generally has subject matter jurisdiction over the type of case in question and [its] authority to hear that specific action [depends] on the specific facts before [it], the jurisdictional defect is not obvious and the [trial court] should be allowed to decide the jurisdictional issue." *Johnson v. Sloan*, 11th Dist. Ashtabula No. 2016-A-0009, 2016-Ohio-5375, ¶10, quoting *State ex rel. The Leatherworks Partnership v. Stuard,* 11th Dist. Trumbull No. 2002-T-0017, 2002-Ohio-6477, ¶19.

{¶14} "These requirements have been applied to habeas corpus petitions that allege unlawful restraint due to an improper bindover." *Id.* at ¶11; *see, e.g., Gaskins I,*

*supra; State ex rel. Harris v. Anderson,* 76 Ohio St.3d 193 (1996); *Fryerson II, supra; In re Baker v. Stewart,* 116 Ohio App.3d 580 (10th Dist.1996); and *Snitzky, supra.* Again, habeas corpus may lie only when the challenged bindover procedure is void, such that the trial court patently and unambiguously lacked jurisdiction. *Id.,* citing *In re Fryerson,* 7th Dist. Belmont No. 97-BA-38, 1997 WL 728564, *3-4 (Oct. 24, 1997) ("*Fryerson I*"); *Stallings v. Mitchell,* 11th Dist. Trumbull No. 97-T-0010, 1997 WL 665978, *4 (Oct. 10, 1997), citing *Gaskins II, supra* ("[t]he Supreme Court of Ohio has held that such a writ will not lie when the bindover judgment shows that the juvenile court followed the correct procedure").

{¶15} Here, the juvenile court issued its bindover judgments in 1984. At that time, R.C. 2151.26 and Juv.R. 30 required the court to conduct an investigation prior to bindover, including a mental and physical examination. Following the investigation, the juvenile court was required to hold a hearing to determine whether the case should be transferred to the general division for the juvenile to be tried as an adult. *See* former R.C. 2151.26(A)(1)(c). *Johnson* at ¶12.

{¶16} Attached to Mr. Eppinger's motion for summary judgment were certified copies of the juvenile court records from Mr. Humphrey's 1984 case, which included a copy of the complaint charging Mr. Humphrey with aggravated robbery, and a journal entry indicating that the complaint of delinquency was read in open court. The entry noted that Mr. Humphrey, his mother, and his counsel waived a probable cause hearing pursuant to Juv.R. 30. The court set the matter for psychological and psychiatric tests and an amenability hearing pursuant to Juv.R. 30. Mr. Humphrey was also placed on house arrest.

{¶17} In April of 1984, a bindover hearing was held, in which the juvenile court found that: Mr. Humphrey was 17 years of age at the time of the conduct charged; there was probable cause to believe that he committed the acts alleged in the complaint; and such acts if committed by an adult, constituted a felony. After a full investigation, including a mental and physical examination, the court further found that Mr. Humphrey was not amenable to care or rehabilitation in any facility designed for the care, supervision, and rehabilitation of delinquent children, and that the safety of the community required him to be placed under legal restraint for a period extending the age of majority. Thus, upon due consideration, the court granted the state's motion to transfer jurisdiction to the General Division of the Cuyahoga County Common Pleas Court for criminal prosecution.

{¶18} Thus, it is clear that there is no merit in Mr. Humphrey's contentions. A complaint of delinquency was filed against Mr. Humphrey in juvenile court. Furthermore, the bindover judgments, on their faces, reflect that the requirements for a proper bindover were met; therefore any alleged lack of jurisdiction was not "patent and unambiguous." Mr. Humphrey possessed an adequate remedy at law to raise these issues in a direct appeal, which he did not do. Even if we presumed these allegations as true, Mr. Humphrey can prove no set of facts that would entitle him to relief by means of a writ of habeas corpus.

{¶19} Since Mr. Humphrey raised no genuine issue of material fact to support his claim that the challenged bindover procedure is void, such that the trial court patently and unambiguously lacked jurisdiction, Mr. Eppinger's motion for summary judgment is granted, and Mr. Humphrey's petition is dismissed.

TIMOTHY P. CANNON, P.J., CYNTHIA WESTCOTT RICE, J., MARY JANE TRAPP, J., concur.

7