**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Humphrey v. Bracy*, **Slip Opinion No. 2021-Ohio-3836.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2021-OHIO-3836

HUMPHREY, APPELLANT, *v*. BRACY, WARDEN, ET AL., APPELLEES.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Humphrey v. Bracy*, Slip Opinion No. 2021-Ohio-3836.]**

*Habeas corpus—Evidence established that trial court in which petitioner was convicted acquired jurisdiction through bindover from juvenile court—To extent that petitioner challenged findings in juvenile court's bindover order, petitioner had adequate remedy in the ordinary course of the law by way of appeal—Court of appeals' grant of summary judgment to warden affirmed.*

(No. 2021-0116—Submitted August 3, 2021—Decided November 2, 2021.)

APPEAL from the Court of Appeals for Trumbull County, No. 2020-T-0019, 2020-Ohio-6915.

_____

**Per Curiam.**

{¶ 1} Appellant, Lavelle Humphrey, filed a petition for a writ of habeas corpus against LaShann Eppinger, who was the warden at the Trumbull

Correctional Institution.[1]  Humphrey was an inmate at Trumbull Correctional when he filed the petition.  After Humphrey filed the petition, he was transferred to the Lake Erie Correctional Institution, at which Douglas Fender is the warden.  We sua sponte join Fender as an appellee in this case.  *See State ex rel. Oliver v. Turner*, 153 Ohio St.3d 605, 2018-Ohio-2102, 109 N.E.3d 1204, ¶ 1; *Jurek v. McFaul*, 39 Ohio St.3d 42, 528 N.E.2d 1260 (1988).  Humphrey appeals the Eleventh District Court of Appeals' grant of summary judgment in favor of the warden on Humphrey's habeas petition.  Humphrey claims that he is entitled to the writ because, in his view, he was not properly bound over from juvenile court to adult court for prosecution for offenses that he committed when he was a juvenile and he has served his prison sentences relating to his other convictions.  We affirm.

## I.  Factual and Procedural Background

{¶ 2} In 1984, Humphrey pleaded guilty in the Cuyahoga County Court of Common Pleas to one count each of aggravated burglary and aggravated robbery. He was 17 years old at the time that he committed those offenses.  The trial court sentenced him to concurrent prison terms of 4 to 25 years.

{¶ 3} Humphrey was released on parole in 1988.  Later that year, he was convicted in Cuyahoga County of one count each of kidnapping, aggravated robbery, and grand theft of a motor vehicle.  The trial court sentenced him to concurrent prison terms of 10 to 25 years for the kidnapping and aggravated-robbery offenses and an 18-month, concurrent prison term for the theft-of-a-motor-vehicle offense.  Those sentences were ordered to be served consecutively to the sentences for his 1984 convictions.

{¶ 4} On April 2, 2020, Humphrey filed a petition for a writ of habeas corpus in the Eleventh District Court of Appeals.  Humphrey alleged that his 1984 convictions were void because, in his view, he was not properly bound over from

---

1.  The current warden of the Trumbull Correctional Institution, appellee Charmaine Bracy, is automatically substituted for former Warden Eppinger in this case under S.Ct.Prac.R. 4.06(B).

juvenile court to adult court. He claimed that there was no complaint for delinquency brought against him in juvenile court and, consequently, there was no basis for the general division of the common pleas court (the adult court) to assume jurisdiction over the offenses for which he was indicted and ultimately convicted. Humphrey contended that because the 1984 convictions were void, he is entitled to immediate release from prison because the 25-year maximum sentence imposed for his 1988 convictions has expired.

{¶ 5} The court of appeals granted an alternative writ and ordered the warden to respond to the petition. The warden filed a motion for summary judgment under Civ.R. 56(C). To refute Humphrey's allegations of a jurisdictional defect in the 1984 case, the warden presented evidence in the form of delinquency complaints that were filed against Humphrey in the juvenile courts in Cuyahoga County and Summit County. The warden also presented evidence that the Summit County juvenile court transferred the delinquency complaint that was filed in that court to the Cuyahoga County juvenile court and that Humphrey was bound over from the Cuyahoga County Juvenile Court to the Cuyahoga County Court of Common Pleas in April 1984 for the offenses charged in the delinquency complaints. The warden argued that it was those offenses for which Humphrey was convicted in the general division of the common pleas court in 1984 and that the convictions followed proper bindover proceedings.

{¶ 6} The court of appeals granted the warden's motion for summary judgment and dismissed Humphrey's petition. 2020-Ohio-6915, ¶ 19. Humphrey appealed to this court as of right.

## II. Analysis

{¶ 7} This court reviews de novo a court of appeals' grant of summary judgment in a habeas corpus action. *State ex rel. Holman v. Collins*, 159 Ohio St.3d 537, 2020-Ohio-874, 152 N.E.3d 238, ¶ 4. Summary judgment is appropriate when

there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.*; *see also* Civ.R. 56(C).

{¶ 8} To be entitled to a writ of habeas corpus, Humphrey must show that he is being unlawfully imprisoned and that he is entitled to immediate release from prison. R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. A writ of habeas corpus is available when the petitioner's maximum sentence has expired and he is being held unlawfully. *Leyman v. Bradshaw*, 146 Ohio St.3d 522, 2016-Ohio-1093, 59 N.E.3d 1236, ¶ 8. Habeas corpus will also lie when the sentencing court patently and unambiguously lacked subject-matter jurisdiction. *Stever v. Wainwright*, 160 Ohio St.3d 139, 2020-Ohio-1452, 154 N.E.3d 55, ¶ 8. Regarding alleged nonjurisdictional errors, habeas corpus is not available when there is an adequate remedy in the ordinary course of the law. *Kneuss v. Sloan*, 146 Ohio St.3d 248, 2016-Ohio-3310, 54 N.E.3d 1242, ¶ 6.

{¶ 9} The gravamen of Humphrey's habeas claim is that he was never properly bound over from juvenile court to the general division of the common pleas court in 1984 for prosecution for the offenses that he committed when he was a juvenile. Humphrey argues that his 1984 convictions are thus void. And he argues that because he has served the maximum sentences for his later convictions, he is entitled to immediate release from prison.

{¶ 10} Absent a proper bindover proceeding, the juvenile court has exclusive subject-matter jurisdiction over any case concerning a juvenile who has been charged with being delinquent. *State v. Wilson*, 73 Ohio St.3d 40, 652 N.E.2d 196 (1995), paragraph one of the syllabus. But deviations from the prescribed bindover procedures give rise to relief in habeas corpus "only if the applicable statute clearly makes the procedure a prerequisite to the transfer of subject-matter jurisdiction to an adult court." *Smith v. May*, 159 Ohio St.3d 106, 2020-Ohio-61, 148 N.E.3d 542, ¶ 29. For example, the conviction of a person in adult court for

offenses that he committed when he was a juvenile is void for lack of subject-matter jurisdiction if there was no bindover from juvenile court in the first instance. *See Wilson* at 44. But nonjurisdictional defects in the juvenile court's bindover proceedings do not give rise to habeas corpus relief and are instead subject to review on appeal in the ordinary course of the law. *Smith* at ¶ 29.

{¶ 11} Humphrey contends that no bindover proceedings occurred in his 1984 case to transfer it from juvenile court to the general division of the common pleas court. But the evidence submitted in support of the warden's motion for summary judgment establishes that there were, in fact, two juvenile-delinquency complaints filed alleging the offenses for which Humphrey was ultimately convicted. The evidence also includes a bindover order transferring jurisdiction from the Cuyahoga County juvenile court to the general division of the common pleas court under Juv.R. 30. Thus, the evidence establishes that the trial court in which Humphrey was convicted in 1984 acquired jurisdiction over his case following a bindover from the juvenile court.

{¶ 12} Despite the evidence in the record showing that bindover proceedings occurred, Humphrey argues that there are genuine issues of material fact that preclude summary judgment on that question. First, Humphrey points to evidence in the form of a public-records request directed to the Cuyahoga County juvenile court in which he requested all records relating to any juvenile proceedings involving the offenses that underlie his 1984 convictions. The juvenile court responded that it had found no responsive records, which Humphrey argues is a discrepancy in the factual record that precludes summary judgment. But the juvenile court's response to Humphrey's request for public records does not create a genuine issue of *material* fact in this case. *See* Civ.R. 56(C). The summary-judgment evidence submitted by the warden shows that the Cuyahoga County juvenile court transmitted to the general division of the common pleas court certified copies of the complaints and journal entries relating to Humphrey's

juvenile cases, and it specifically indicates that Humphrey "was bound over to [the] Court for further proceedings." And the certified copies of those records show that Humphrey was, in fact, bound over to the general division of the common pleas court from the juvenile court.

{¶ 13} Second, Humphrey contends that there is no evidence showing that a bindover proceeding in his case occurred in the Summit County juvenile court, even though one of the offenses for which he was convicted in 1984 was originally charged in a juvenile-delinquency complaint filed in Summit County.

{¶ 14} The record contains a delinquency complaint filed against Humphrey in the Summit County juvenile court charging the same offense (aggravated burglary) for which Humphrey later was convicted in adult court. And the record also contains an order of the Summit County juvenile court transferring the delinquency complaint "to Cuyahoga Cty. for adjudication & disposition." And records from the Cuyahoga County juvenile court indicate that the April 1984 bindover order from that court included the offense that was transferred from Summit County. To the extent that Humphrey is challenging the process by which the Summit County complaint was transferred to Cuyahoga County and then bound over to adult court, he had an adequate remedy in the ordinary course of the law to challenge the bindover by appealing his convictions. *See Smith*, 159 Ohio St.3d 10, 2020-Ohio-61, 148 N.E.3d 542, at ¶ 29, 35.

{¶ 15} Humphrey also contends that there are date discrepancies in the 1984 juvenile-court documents that call into question whether jurisdiction was properly transferred from juvenile court to adult court. He notes that a juvenile-court entry ordering a Juv.R. 30 amenability hearing that is dated March 28, 1984, and an entry ordering a continuance of the proceedings that is dated April 3, 1984, predate the April 12, 1984 file-stamp date of the Cuyahoga County delinquency complaint. Humphrey says that this discrepancy somehow creates a genuine issue of material fact regarding whether his case was properly commenced in juvenile court.

{¶ 16} It is not clear from the juvenile-court records why the delinquency complaint is file-stamped April 12, 1984: the complaint was sworn to on March 2, 1984, and it bears the same case number as the juvenile-court entries dated March 28 and April 3, 1984. But these circumstances do not create a genuine issue of material fact. *See* Civ.R. 56(C). Regardless of the file-stamp date on the delinquency complaint, the evidence shows that there was a bindover hearing in the case on April 17, 1984, and that the juvenile court ordered that jurisdiction over Humphrey's case be transferred to the general division of the common pleas court. To the extent that Humphrey is suggesting that errors occurred during the bindover proceedings in the juvenile court, he had an adequate remedy to raise such issues by way of appeal.

{¶ 17} Finally, Humphrey argues that there is a genuine issue of material fact arising from the juvenile court's express finding in its April 1984 bindover order that there was probable cause to believe that the allegations of the delinquency complaint were true. Humphrey questions why the juvenile court made that finding. Although Humphrey's argument is not clear, he appears to call into question the validity of the bindover order. But to the extent that Humphrey is challenging the findings in the juvenile court's bindover order, he had an adequate remedy by way of appeal to raise those issues, which precludes extraordinary relief in habeas corpus.

{¶ 18} For all these reasons, Humphrey has not shown that there is a genuine issue of material fact on his claim for habeas corpus relief. The court of appeals correctly granted summary judgment to the warden.

Judgment affirmed.

O'CONNOR, C.J., and KENNEDY, FISCHER, DEWINE, DONNELLY, STEWART, and BRUNNER, JJ., concur.

_____

Lavelle Humphrey, pro se.

Dave Yost, Attorney General, and Daniel J. Benoit, Assistant Attorney General, for appellees.

_____