[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lowe v. Smith*, Slip Opinion No. 2025-Ohio-4541.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-4541

LOWE, APPELLANT, *v*. SMITH, WARDEN, ET AL., APPELLEES.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Lowe v. Smith*, Slip Opinion No. 2025-Ohio-4541.]

*Habeas corpus—Even if preserved, any procedural irregularity in assignment of visiting judge to try appellant's criminal trial would render appellant's convictions and sentence voidable, not void—Appellant failed to show that trial court patently and unambiguously lacked subject-matter jurisdiction—Court of appeals' judgment granting warden's motion to dismiss granted.*

(No. 2025-0064—Submitted May 13, 2025—Decided October 2, 2025.)

APPEAL from the Court of Appeals for Belmont County,
No. 24 BE 0038, 2024-Ohio-5902.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Dennis Ray Lowe, appeals the judgment of the Seventh District Court of Appeals dismissing his petition for a writ of habeas corpus. When Lowe filed the petition, he was incarcerated at the Belmont Correctional Institution, serving a life sentence. He named appellee Shelbie Smith,[1] the warden of the institution, as the respondent, alleging that his convictions were void because the visiting judge who presided over his trial was improperly assigned and thus lacked jurisdiction. The warden moved to dismiss under Civ.R. 12(B)(6). The court of appeals granted the motion, holding that Lowe had failed to demonstrate that his convictions were void. Because Lowe's petition fails to state a valid claim for habeas relief, we affirm the Seventh District's judgment.

## I. BACKGROUND

### A. Conviction and Sentencing by Visiting Judge

{¶ 2} In 2002, Lowe was indicted in Summit County for aggravated murder and attempted aggravated murder, both with firearm specifications. Judge Mary F. Spicer was assigned to the case at arraignment and presided over pretrial matters. When Lowe's case was tried, however, a visiting judge presided. The judgment entry indicates that the visiting judge, Judge Mary Cacioppo, was "[s]itting on [a]ssignment pursuant to Art. IV Sec. 6, Ohio Constitution" for Judge Spicer.

{¶ 3} Lowe pled not guilty to the charges and waived his right to a jury trial. Following a bench trial, Judge Cacioppo found Lowe guilty of both charges and both specifications and imposed consecutive sentences of life imprisonment on the aggravated-murder charge, ten years on the attempted-aggravated-murder charge, and three years on the firearm specifications after merging them.

---

1. After Lowe filed his petition, he was transferred to the Chillicothe Correctional Institution, where Tim Shoop is the warden. We sua sponte join Shoop as an appellee in this case. *See Humphrey v. Bracy*, 2021-Ohio-3836, ¶ 1 (sua sponte joining as appellee the warden of facility where the inmate was transferred after filing habeas petition); *State ex rel. Oliver v. Turner*, 2018-Ohio-2102, ¶ 1 (same).

**B. Appeals and Collateral Attacks on Convictions and Sentence**

{¶ 4} Lowe appealed, challenging the sufficiency and weight of the evidence and the imposition of consecutive sentences. *State v. Lowe*, 2003-Ohio-6807, ¶ 4, 27 (9th Dist.). He did not allege lack of subject-matter jurisdiction or otherwise challenge the authority of Judge Cacioppo to hear the case. *See id*. The Ninth District Court of Appeals affirmed his convictions and sentence, *id*., and we declined review, 2004-Ohio-3069.

{¶ 5} Lowe petitioned for postconviction relief and moved for a new trial in 2006, arguing in both actions that his judgment of conviction was defective because Judge Cacioppo lacked authority to sign the entry. *See State v. Lowe*, 2011-Ohio-3355, ¶ 8 (9th Dist.). The trial court denied both the petition and the motion, and Lowe did not appeal either judgment. In 2010, he filed a motion for a final, appealable order, which the trial court denied. *Id.* at ¶ 9. Lowe appealed the denial of this motion to the Ninth District, which affirmed. *Id.* at ¶ 8-9. The court of appeals held that the motion was barred by res judicata because the claim it presented was identical to the claims Lowe unsuccessfully asserted in his petition for postconviction relief and motion for new trial. *Id*. at ¶ 8-9. We declined review. 2011-Ohio-5605.

**C. Petition for Writ of Habeas Corpus**

{¶ 6} In August 2024, Lowe filed his habeas petition in the Seventh District. He claimed that his 2002 convictions and sentence were void because Judge Cacioppo had not been properly assigned to the case and thus lacked jurisdiction over it. The warden filed a motion to dismiss under Civ.R. 12(B)(6), asserting that any procedural irregularity in Judge Cacioppo's assignment rendered the judgment voidable, not void. The court of appeals granted the motion on this basis. Lowe has appealed as of right to this court.

## II.  ANALYSIS

### A.  Standard of Review

{¶ 7} This court reviews de novo a court of appeals' Civ.R. 12(B)(6) dismissal of a habeas corpus petition.  *State ex rel. Spencer v. Forshey*, 2023-Ohio-4568, ¶ 6.  Dismissal is appropriate only if it appears beyond doubt from the petition, presuming all factual allegations as true and making all reasonable inferences in the nonmovant's favor, that the inmate can prove no set of facts entitling him to a writ of habeas corpus.  *Id*.  To be entitled to habeas relief, Lowe must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement.  R.C. 2725.01; *State ex rel. Davis v. Turner*, 2021-Ohio-1771, ¶ 8.  A writ of habeas corpus is not available when the petitioner has an adequate remedy in the ordinary course of law, except when the court that sentenced the petitioner to the confinement patently and unambiguously lacked subject-matter jurisdiction.  *Leyman v. Bradshaw*, 2016-Ohio-1093, ¶ 8-9.

### B.  Lowe's Convictions and Sentence Were Voidable, Not Void

{¶ 8} Lowe argues that the trial court's judgment of conviction and sentence is void for lack of jurisdiction.  Specifically, he contends that Judge Cacioppo, the visiting judge who presided over his trial, "was never vested with jurisdiction or legal authority to hear or decide any issues of case no. CR-02-09-2684[,] thus making conviction and sentence void instead of voidable."  Lowe relies on a 2005 letter he received from this court's judicial-assignment officer stating that "[t]he Supreme Court has no record of the Chief Justice assigning Judge Cacioppo to hear [*State v. Lowe*, Summit C.P. No. CR-2002-09-2684]."  Alleging that no documentation assigning Judge Cacioppo to his case exists, he argues that a provision of the Rules of Superintendence was violated and, therefore, that the trial court lacked jurisdiction to convict and sentence him.  Because his convictions and sentence are void, Lowe claims, he is entitled to a writ of habeas corpus.

{¶ 9} This argument lacks merit. Taking as true Lowe's allegation that no docket entry or other record shows Judge Cacioppo's assignment to his criminal case, the trial court's judgment would be voidable, not void. "In a court that possesses subject-matter jurisdiction, procedural irregularities in the transfer of a case to a visiting judge affect the court's jurisdiction over the particular case and render the judgment voidable, not void." *In re J.J.*, 2006-Ohio-5484, paragraph one of the syllabus. We consistently have held that the improper assignment of a judge does not void a conviction. *See, e.g.*, *State ex rel. Thompson v. Gonzales*, 2024-Ohio-897, ¶ 12-13; *State ex rel. Smith v. Triggs*, 2023-Ohio-3098, ¶ 8; *State ex rel. Bell v. Pfeiffer*, 2012-Ohio-54, ¶ 20. Here, the Summit County Common Pleas Court had subject-matter jurisdiction over Lowe's criminal trial for aggravated murder and attempted aggravated murder, both felonies. *See Smith v. Sheldon*, 2019-Ohio-1677, ¶ 8 ("a common pleas court has subject-matter jurisdiction over felony cases"), citing R.C. 2931.03; *see also* R.C. 2901.02(C) (classifying aggravated murder as a felony); 2923.02(E)(1) (classifying attempted aggravated murder as a first-degree felony). Any procedural irregularity in Judge Cacioppo's assignment thus rendered Lowe's convictions and sentence voidable, not void. Accordingly, Lowe has not shown that the trial court patently and unambiguously lacked subject-matter jurisdiction.

{¶ 10} Moreover, Lowe waived any alleged procedural irregularity by failing to raise a timely objection. A party's failure to timely object to the authority of a visiting judge based on an improper case transfer or assignment waives the procedural error. *J.J.* at ¶ 16-17. Lowe does not allege, and the record does not show, that he timely objected to Judge Cacioppo's authority or raised the issue of improper assignment at any point during trial or on direct appeal. *Lowe*, 2003-Ohio-6807, at ¶ 4, 27. Thus, Lowe has not properly preserved the issue and has waived it for purposes of appellate review.

**{¶ 11}** Presuming all factual allegations to be true and making all reasonable inferences in his favor, it appears beyond doubt that Lowe cannot state a claim that would entitle him to a writ of habeas corpus. His 2002 convictions and sentence were voidable, not void. Regardless, he waived the alleged procedural error of improper judicial assignment by failing to raise the issue at trial or on direct appeal. Thus, Lowe fails to state a valid claim for habeas relief. Dismissal was appropriate.

### III. CONCLUSION

**{¶ 12}** Because Lowe does not state a claim that entitles him to a writ of habeas corpus, we conclude that the Seventh District Court of Appeals correctly granted the warden's motion to dismiss, and we affirm the court's judgment dismissing Lowe's petition.

Judgment affirmed.

————————————

Dennis Ray Lowe, pro se.

Dave Yost, Attorney General, and Katherine E. Mullin, Assistant Attorney General, for appellee.

————————————