**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as** *Peace v. Galloway*, **Slip Opinion No. 2026-Ohio-628.]**

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports.  Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2026-OHIO-628

PEACE, APPELLANT, *v.* GALLOWAY, WARDEN, ET AL., APPELLEES.[1]

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Peace v. Galloway*, Slip Opinion No. 2026-Ohio-628.]**

*Habeas corpus—Appellant-inmate had an adequate remedy in ordinary course of law by way of direct appeal to challenge assignment of judge who accepted his guilty pleas and sentenced him—Court of appeals' judgment granting warden's motion to dismiss affirmed.*

(No. 2025-1053—Submitted January 6, 2026—Decided February 26, 2026.)

APPEAL from the Court of Appeals for Ross County, No. 25CA14.

_____

1. Peace was incarcerated at the Chillicothe Correctional Institution when he filed this action, and he named James Shoop, who was the warden of that institution, as the respondent.  Garry Galloway has replaced Shoop as the institution's warden and therefore is automatically substituted for him as the appellee in this appeal.  *See* S.Ct.Prac.R. 4.06(B).  After filing his notice of appeal, Peace filed a notice of change of address noting that he had been transferred to the Allen-Oakwood Correctional Institution, where Ryan Walters is the warden.  Therefore, we sua sponte join Walters as an appellee.  *See, e.g.*, *Lowe v. Smith*, 2025-Ohio-4541, ¶ 1, fn. 1 (sua sponte joining as an appellee the warden of the facility where the inmate was transferred after filing his habeas petition); *Humphrey v. Bracy*, 2021-Ohio-3836, ¶ 1 (same).

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Todd E. Peace, appeals the judgment of the Fourth District Court of Appeals dismissing his petition for a writ of habeas corpus. The court of appeals dismissed Peace's petition because he had failed to raise a claim challenging the jurisdiction of the trial court and because he could have raised his claim by way of direct appeal from his conviction and sentence. We affirm the court of appeals' judgment.

## Background

{¶ 2} In 1998, Peace pleaded guilty to aggravated murder, aggravated arson, and tampering with evidence and was sentenced by the Hancock County Court of Common Pleas to life in prison with parole eligibility after 33 years. Peace's sentencing entry bears the clerk's file stamp, states the manner of conviction, and is signed by Judge Richard K. Warren, and defense counsel and the assistant prosecutor signed the entry in approval.

{¶ 3} In May 2025, Peace filed a petition for a writ of habeas corpus in the Fourth District against appellee, the warden of the Chillicothe Correctional Institution, where he was then housed. Peace argued that he is entitled to immediate release because Judge Warren was not the judge who had been assigned to his criminal case. Specifically, Peace contends that his criminal case was initially assigned to Judge Reginald J. Routson and that Judge Warren was "without legal authority and jurisdiction" to accept Peace's plea and sentence him to prison because there was no "journalized order" reassigning the case to Judge Warren or explaining why Judge Routson was removed from the case. Peace attached to his petition a copy of the docket of his criminal case. The docket indicates that on

August 12, 1998, a certificate of assignment of Judge Warren was journalized. The docket does not show an assignment of Judge Routson.

{¶ 4} The warden filed a motion to dismiss Peace's petition. The court of appeals granted the warden's motion, determining that Peace's petition did not raise a claim cognizable in habeas corpus. Ross App. No. 25 CA 14, ¶ 4 (July 21, 2025). The court reasoned that "any error in the reassignment of his case had to be raised in a direct appeal" and that he had an adequate remedy in the ordinary course of the law. *Id*. at ¶ 18, 19.

{¶ 5} Peace has appealed to this court as of right.

**Analysis**

{¶ 6} We review de novo a decision of the court of appeals dismissing a habeas corpus petition. *State ex rel. Parker v. Black*, 2022-Ohio-1730, ¶ 6. "Dismissal is appropriate if it appears beyond doubt, after taking all allegations in the petition as true and making reasonable inferences in the petitioner's favor, that the petitioner can prove no set of facts entitling him to a writ of habeas corpus." *State ex rel. Spencer v. Forshey*, 2023-Ohio-4568, ¶ 6.

{¶ 7} "To be entitled to a writ of habeas corpus, a party must show that he is being unlawfully restrained of his liberty, R.C. 2725.01, and that he is entitled to immediate release from prison or confinement." *State ex rel. Cannon v. Mohr*, 2018-Ohio-4184, ¶ 10. Further, a petitioner is not entitled to a writ ordering his immediate release if he has or had "an adequate remedy in the ordinary course of law, unless a trial court's judgment is void for lack of jurisdiction." *State ex rel. Davis v. Turner*, 2021-Ohio-1771, ¶ 8.

{¶ 8} Peace notes that Judge Warren presided over his change-of-plea and sentencing hearings, but he argues that the certificate of assignment naming Judge Warren did not comply with the Rules of Superintendence for the Courts of Ohio. Peace reasons that Judge Warren therefore lacked jurisdiction to accept Peace's guilty pleas, convict him, and sentence him to prison.

**{¶ 9}** Peace's claim lacks merit. Subject-matter jurisdiction "'connotes the power to hear and decide a case upon its merits.'" *In re J.J.*, 2006-Ohio-5484, ¶ 11, quoting *Morrison v. Steiner*, 32 Ohio St.2d 86, 87 (1972). The Ohio Constitution establishes that "[t]he courts of common pleas and divisions thereof shall have such original jurisdiction over all justiciable matters . . . as may be provided by law." Ohio Const., art. IV, § 4(B). The Ohio Constitution also "grants exclusive authority to the General Assembly to allocate certain subject matters to the exclusive original jurisdiction of specified divisions of the courts of common pleas." *State v. Aalim*, 2017-Ohio-2956, ¶ 2, citing Ohio Const., art. IV, § 4(B). Accordingly, the General Assembly has enacted R.C. 2931.03, which states that "[t]he court of common pleas has original jurisdiction [over] all crimes and offenses, except in cases of minor offenses the exclusive jurisdiction of which is vested in courts inferior to the court of common pleas." Therefore, a court of common pleas has subject-matter jurisdiction over all felony cases. *See Smith v. Sheldon*, 2019-Ohio-1677, ¶ 8.

**{¶ 10}** Even taking Peace's allegations as true, he has not asserted a claim cognizable in habeas corpus. The Hancock County Court of Common Pleas had jurisdiction over Peace's felony case. We have held that "[i]n a court that possesses subject-matter jurisdiction, procedural irregularities in the transfer of a case to a visiting judge affect the court's jurisdiction over the particular case and render the judgment voidable, not void." *J.J.* at paragraph one of the syllabus. And "even if the certificate of assignment was entirely absent from a case record, it would not void the jurisdiction of the court or [the visiting judge's] authority to issue judgments and orders." (Bracketed text in original.) *State ex rel. Harris v. Turner*, 2020-Ohio-2901, ¶ 13, quoting *State v. Baumgartner*, 2004-Ohio-3907, ¶ 11 (6th Dist.).

{¶ 11} Peace had an adequate remedy in the ordinary course of the law by way of direct appeal to challenge Judge Warren's assignment.  Therefore, the court of appeals correctly dismissed Peace's habeas petition.

### Conclusion

{¶ 12} For these reasons, we affirm the Fourth District Court of Appeals' judgment dismissing Peace's petition for a writ of habeas corpus.

Judgment affirmed.

_____

Todd E. Peace, pro se.

Dave Yost, Attorney General, and Jerri L. Fosnaught, Assistant Attorney General, for appellees.

_____